# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

HARRIS COHEN,

    Petitioner,

vs.                              CIVIL ACTION NO.:CV210-033

ANTHONY HAYNES, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Harris Cohen ("Cohen"), who is currently incarcerated at the Federal Correctional Institution-Satellite Low in Jesup, Georgia ("FSL Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Robinson filed a Traverse. Respondent filed a Reply. For the reasons which follow, Cohen's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

In his petition, Cohen challenges the disciplinary proceedings against him on five (5) grounds. Cohen asserts that the telephone restriction sanction he received was "void ab initio" because this sanction was based on a previously imposed sanction which later was overturned. (Doc. No. 1, p. 3). Cohen also asserts that the Disciplinary Hearing Officer ("DHO") provided no reason for his delay in reaching his determination, and this delay interfered with his (Cohen's) ability to present a defense. Cohen contends that the DHO was not impartial, as he wrote the rule Cohen was accused of

AO 72A
(Rev. 8/82)

breaking, and should have recused himself. Cohen alleges that the offense for which he was sanctioned was not proven. Finally, Cohen alleges that he was not given notice of the rules governing use of the telephones during his orientation into FSL Jesup.

Respondent avers that Cohen did not exhaust his administrative remedies prior to filing this petition. In the alternative, Respondent asserts that Cohen's contentions are without merit.

## DISCUSSION AND CITATION TO AUTHORITY

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)).

In Porter v. Nussle, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. 534 U.S. 516, 523 (2002). The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-

AO 72A
(Rev. 8/82)

91.[1] In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

"The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Id. According to these Regulations, an inmate appealing a DHO decision shall submit an appeal with the Regional Director for the region where the inmate is housed at the time he files his appeal. 28 C.F.R. § 542.14(d)(2). If the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons (the Central Office) within 30 calendar days of the date the Regional Director signed the response. 28 C.F.R. § 542.15(a). The General Counsel's Office has 40 calendar days to respond to an inmate's appeal. 28 C.F.R. § 542.18. A Request or Appeal is considered filed on the "date it is logged into the Administrative Remedy Index as received." 28 C.F.R. § 542.18.

Respondent asserts that Cohen filed a Regional Administrative Remedy Appeal (Number 549457-R1) challenging the DHO's decision, and that Appeal was received on July 30, 2009. Respondent contends that the Regional Director responded to Cohen's Appeal by denying and signing it on August 13, 2009. Respondent also contends that

---

[1] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

3

Cohen was advised that he could appeal and that his appeal "must be received in the office of General Counsel within 30 calendar days of the date of [this] response." (Doc. No. 4, p. 3). Respondent asserts that Cohen signed the response on August 27, 2009, indicating his receipt of the response. Respondent contends that, to be considered timely, Cohen's appeal should have been received by the Central Office on or before September 12, 2009. However, Respondent asserts, Cohen admits that he did not give his appeal to FSL Jesup mailroom staff until September 23, 2009. Respondent also asserts that the Central Office received Cohen's appeal on September 28, 2009, and rejected the appeal as untimely on December 1, 2009. Respondent further asserts that Cohen was informed that the rejection would be reconsidered if he would provide staff verification on Bureaus of Prisons' letterhead documenting that the untimely filing of his appeal was not his fault. Respondent alleges that the Central Office received the re-submitted appeal from Cohen on December 18, 2009; again, Respondent asserts, Cohen was informed that, if he could provide documentation from staff on letterhead that the late filing was not his fault, it would be reconsidered. Respondent contends that Cohen did not file any other submissions regarding this appeal.

Cohen avers that, in considering the timeliness of an appeal, a court must consider the mail time involved and that the response will be routed to several prison officials before reaching the inmate. Cohen asserts that it is unfair to begin counting the days from the time the Regional Office signs the response. Cohen contends that he did not receive a response to his appeal until August 27, 2009, and he gave his appeal for filing with the Central Office to FSL Jesup mailroom staff on September 23, 2009, which was only 27 days after he received the response, and the Central Office received his

4

appeal five (5) days later. Plaintiff contends that the "mailbox rule" permitted the delay for mail time.

The Bureau of Prisons defines "filed" within its regulations in an unambiguous manner; hence, the prison mailbox rule Cohen seeks to invoke is inapplicable. See Longenette v. Krusing, 322 F.3d 758, 764-65 (3d Cir. 2003) (noting that, when "filed" is not clearly defined, a mailing is considered filed when an individual places the document in the mail; however, when "filed" is clearly defined, a document is not considered filed until it satisfies the given definition); Williams v. Burgos, CV206-104, 2007 WL 2331974, at *3 (S.D. Ga. Aug. 13, 2007). Further, "the prison mailbox rule does not apply outside the context of court filings." Baker v. Drew, 2:07cv622-TFM, 2009 WL 2588905, at *4 (M.D. Ala. Aug. 19, 2009) (citing Garvey v. Vaughn, 993 F.2d 776, 782 n.15 (11th Cir. 1993)). Since Cohen's appeal was not to a federal court, but rather to an administrative body, he is not entitled to the benefit of the prisoner mailbox rule. Id.

Cohen had 30 calendar days from August 13, 2009, to file a timely appeal with the Central Office, which, by Cohen's own admission, he did not do. 28 C.F.R. § 542.15(a). The evidence before the court indicates that when Cohen's appeal to the Central Office was rejected as untimely, he was advised at that time to provide staff verification that the late filing was not his fault. 28 C.F.R. §§ 542.14(b) and 542.15(a). Rather than submitting any such verification, Cohen chose to file another appeal, which was also rejected as untimely.[2] Thus, Cohen made no attempt to comply with the

---

[2] "When a submission is rejected, the inmate shall be provided a written notice . . . explaining the reason for the rejection. If the defect on which the rejection is based is correctable, the notice shall inform the inmate of a reasonable time extension within which to correct the defect and resubmit the Request or Appeal." 28 C.F.R. § 542.17(b).

AO 72A
(Rev. 8/82)

requirements of the administrative process that was in place, and he did not exhaust his administrative remedies prior to filing this petition.

It is unnecessary to address the remaining portions of Respondent's Response.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Cohen's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 17th day of August, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)